Mr. Gerald R. Colen St. Petersburg Beach City Attorney 6830 Central Avenue, Suite A St. Petersburg, Florida 33707
Dear Mr. Colen:
On behalf of the City of St. Petersburg Beach, you ask substantially the following question:
Is litigation that is being held in abeyance pursuant to a joint stipulation for settlement concluded for purposes of section286.011(8)(e), Florida Statutes, allowing a transcript of discussions of pending litigation to be made part of the public record?
In sum:
Litigation that is ongoing but temporarily suspended pursuant to a stipulation for settlement has not been concluded for purposes of section 286.011(8), Florida Statutes, and a transcript of meetings held between the city and its attorney to discuss such litigation may be kept confidential until conclusion of the litigation.
According to your letter, the City of St. Petersburg Beach has recently been engaged in litigation involving a decision of the city's licensing officer. The litigation also involved eight police citations for local ordinance violations related to the licensing officer's actions.
Pursuant to section 286.011(8), Florida Statutes, the city attorney met with the city commission in private session to discuss pending litigation. The meeting was held in strict accord with section 286.011(8) and the entire session was recorded by a certified court reporter. The court reporter's notes have been fully transcribed and filed with the city clerk. The notes are currently sealed.
Subsequent to the private session, the litigation was amicably resolved by a joint stipulation for settlement. The stipulation provides that the litigation and the police citations will be held in abeyance for one year and that if, during that time, there are no further violations of municipal ordinances by the plaintiff and its employees, the pending litigation and the police citations will all be dismissed, with prejudice. However, the agreement also recognizes that, in the event of further violations, the city will proceed on the pending police citations, and the plaintiff will have the right to continue its litigation. Thus, the matter between the city and the plaintiff has been resolved by virtue of a joint stipulation for settlement but the pending litigation has not been dismissed and may be reopened at the end of the one year period. You ask whether the court reporter's notes of the litigation meeting may be maintained as confidential records in a sealed envelope or whether these notes must now be opened for public inspection.
Section 286.011(8), Florida Statutes, makes litigation strategy or settlement meetings confidential when they are held between a board and its attorney and the board is a party before a court or administrative agency. The statute allows access to the record of such meeting when the litigation is concluded. Specifically, the statute states that:
Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met: (a) The entity's attorney shall advise the entity at a public meeting that he desires advice concerning the litigation. (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures. (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting. (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney client session and the names of persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session. (e) The transcript shall be made part of the public record upon conclusion of the litigation.
Thus, your question is whether a stipulation for settlement, such as the one you have outlined, would constitute the conclusion of litigation so that the record of the meeting would be public.
In the law, a stipulation may be used for a number of purposes[1]
and is not one of the usual pleadings.[2] A general understanding of the term is that it is "[a] material condition, requirement, or article in an agreement."[3] A stipulation is an agreement between the attorneys engaged on opposite sides of a cause with respect to business before a court and continues to be under the supervision of the court.[4] Thus, a stipulation does not, except by its express terms, operate to bring litigation to a conclusion.
In Attorney General's Opinion 94-33 this office considered whether a voluntary dismissal would operate to conclude litigation for purposes of section 286.011(8), Florida Statutes, when concluding the litigation would have enabled the plaintiff to voluntarily dismiss a suit, request the record of the strategy or settlement meeting and use the information gained from the record to refile the lawsuit. It was noted that a voluntary dismissal of an action without an order of court usually operates to end the action and to divest a trial court of jurisdiction. However, the opinion recognized that, to avoid a subversion of the rules of procedure that would deprive the agency of its rights to a fair trial, a public agency could maintain the confidentiality of a record of a strategy or settlement meeting until the suit is dismissed with prejudice or the applicable statute of limi-tation has run. Unlike the situation in Attorney General's Opinion 94-33, in the case at hand the litigation continues to be viable although it is currently being held in abeyance. Thus, the exemption provided in section 286.011(8), Florida Statutes, would apply.
This office has consistently read the Government in the Sunshine Law to assure the public's right of access to meetings of public boards or commissions. The Legislature has recently adopted a specific exemption from the law for local governments and state agencies to put them on an equal footing with the other parties in a lawsuit.[5] Recognizing the public's interest in this type of public business, however, this office will continue to read this exemption narrowly, as it would with any other specific exemption to the law.[6]
While the actions taken by the parties in this case have been taken in good faith, I must caution that the provisions of the exemption should not be utilized to avoid the requirements of the Public Records Law. The purpose of this exemption is to allow governmental agencies to protect their theories of litigation strategy or settlement negotiations from the opposing party during the pendancy of a lawsuit. The necessity for confidentiality is greatly diminished by the agreement of the parties to enter into a settlement. In that regard, section 286.011(8)(e), Florida Statutes (1993), should be seen as a tool which governmental boards or commissions may employ in their discretion but the statute should not be read as a prohibition against the release of such records prior to the conclusion of such litigation.
It is my opinion that a stipulation for settlement that provides that litigation will be held in abeyance for one year would not operate to conclude litigation pursuant to section 286.011(8), Florida Statutes (1993). Therefore, the court reporter's notes of a litigation strategy meeting between the city attorney and the city commission may be treated as confidential records until the one year period expressed in the stipulation has expired.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, e.g., Fla.R.Civ.P. 1.420, which provides for the voluntary dismissal of an action by the plaintiff without order of court by filing a stipulation of dismissal by all parties who have appeared in the action; and Fla.R.Civ.P. 1.700, relating to mediation and arbitration, which allows for referral by the presiding judge or by stipulation.
[2] See generally, 83 C.J.S. Stipulations s. 1 (1953).
[3] Black's Law Dictionary 1269 (5th ed. 1979).
[4] Supra, at note 1.
[5] See also, Op. Att'y Gen. Fla. 94-33 (1994) applying the exemption in s. 286.011(8), Fla. Stat., to voluntary dismissals.
[6] See, e.g., Op. Att'y Gen. Fla. 85-89 (1985), contracts for legal counsel between county and private law firm not within the exemption expressed in s. 119.07(3)(o), Fla. Stat. (1984 Supp.), for work product; and Op. Att'y Gen. 84-81 (1984) information revealing identity of victim of sexual battery or victim of child abuse contained in public records made part of court file and not specifically closed by order of court are not excepted or exempted from public disclosure and inspection.